1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| REYNALDO G DELGADO, | CASE NO. C12-2255 MJP |
|---|---|
| Petitioner, | ORDER ON REPORT AND RECOMMENDATION |
| v. | |
| PAT GLEBE, | |
| Respondent. | |

The Court, having received and reviewed the Report and Recommendation prepared by Magistrate Judge Mary Alice Theiler (Dkt. No. 19; "R&R"), the Objection to Report and Recommendation submitted by Petitioner (Dkt. No. 22) and the relevant portions of the record, rules as follows:

IT IS ORDERED that the Report and Recommendation is ADOPTED; Petitioner's habeas petition and this action are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Petitioner is DENIED issuance of a certificate of appealability.

ORDER ON REPORT AND
RECOMMENDATION- 1

**Background**

The procedural background of this case is thoroughly discussed in the Report and Recommendation (R&R, pp. 2-4) and will not be reiterated here.  Suffice it to say that Petitioner acknowledges that he filed his habeas petition beyond the statutory limitation period and seeks a period of equitable tolling to permit consideration of his petition on its merits.

**Discussion**

Although the statute of limitations is subject to equitable tolling (Holland v.Florida, 130 S.Ct. 2549, 2560 (2010); Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003), it is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Laws, 351 F.3d at 922.  A petitioner attempting to avail himself of equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005))(emphasis deleted).

Most of Petitioner's objections to the Report and Recommendation are simply reiterations of his original response to the government's motion to dismiss his petition.  He claims that he has been diligent in his preparation and filing of his petition and points out that his status as a non-native English speaker increases his time to read and understand the material he is researching.  This is unavailing.  "[A] petitioner who demonstrates proficiency in English… would be barred from equitable relief [on the grounds that English is not his native language]." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006).

Petitioner also raises, apparently for the first time, the argument that his transfer to an out of state facility (which he alleges had a "deficient law library… no legal resources in the Spanish language… [and] only one law library computer with Washington case law;" Objections, p. 8)

during the limitations period entitles him to equitable tolling.  The Court cannot agree.  Ordinary limitations associated with imprisonment do not establish "extraordinary circumstances." *See* <u>Ramirez v. Yates</u> 571 F.3d 993, 998 (9th Cir. 2009)(where the petitioner's limited access to a law library and a copier were deemed insufficient to set forth "extraordinary circumstances").

Petitioner also pleads "ignorance of the law" in the sense that he was unaware that his limitations period was not tolled during the collateral challenges to his state conviction.  He cites no authority permitting equitable tolling on that basis, and concedes that "'petitioner's ignorance or confusion alone' is insufficient to merit equitable tolling."  Objections, p. 10.  In fact, the courts "have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."  <u>Johnson v. United States</u>, 544 U.S. 295, 311 (2005).

The Court agrees with Judge Theiler's assessment: "Petitioner, in sum, fails to set forth extraordinary circumstances beyond his control inhibiting his ability to pursue his claims."  R&R, p. 7.  The Court further agrees that Petitioner has failed to make a "substantial showing of the denial of a constitutional right[]" (28 U.S.C § 2253(c)(2)) and thus is not entitled to a certificate of appealability.

**Conclusion**

The Court finds that Petitioner has failed to file his habeas petition within the statutory period and further finds no extraordinary circumstances justifying equitable tolling of the limitations period.   This action is time-barred.  The petition is DENIED and the matter is DISMISSED with prejudice.

Petitioner has also failed to make a substantial showing of the denial of a constitutional right and the Court finds that he is not entitled to a certificate of appealability.

1  The clerk is ordered to provide copies of this order to Petitioner and to all counsel.

2  Dated this 5th day of August, 2013.

*[signature]*

Marsha J. Pechman
United States District Judge